**FILED**
**Nov 19, 2018**
**08:51 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **Maikel Reazkallah,** | ) | **Docket No. 2017-06-1519** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ABM Industries, Inc.,** | ) | **State File No. 50395-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **Agri-General Ins. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

### COMPENSATION HEARING ORDER

---

This case came before the Court on November 15, 2018, for a compensation hearing. Maikel Reazkallah alleged a shoulder injury while working for ABM Industries, Inc. The issues are Mr. Reazkallah's entitlement to additional temporary partial disability benefits and permanent partial disability benefits.[1] The Court holds he is not entitled to these benefits but may return to the authorized physician for any care related to the work injury for the rest of his life.

### History of Claim

The Court found the following facts after an expedited hearing and summarizes them below to provide context to this decision.

Mr. Reazkallah began full-time work for ABM as a cabin cleaner on airplanes in May 2017. After his hire, he informed his supervisor that medical restrictions from a

---

[1] The Court's authority is limited within the Workers' Compensation Law to "determine claims for compensation" and, following an evidentiary hearing, to issue an order "for payment of benefits." Tenn. Code Ann. §§ 50-6-238(a)(3), 50-6-239(c)(2) (2018). Mr. Reazkallah requested that this Court order ABM to discipline a former supervisor and take steps to remediate problems regarding his TSA security clearance and credit score. These requests exceed the Court's authority and will not be addressed, other than to note that after the hearing ABM on its own initiative wrote a letter to Bay Area Credit Service asking that it take action to correct Mr. Reazkallah's credit score.

previous, unrelated injury prevented him from lifting any item heavier than ten pounds and limited the use of his right shoulder. On July 6, despite these restrictions, the supervisor asked Mr. Reazkallah to place a heavy bag of trash inside a dumpster with walls higher than his shoulders, resulting in injury to his right shoulder.

ABM provided authorized treatment at U.S. HealthWorks. At the first visit, providers diagnosed a shoulder strain and assigned restrictions. The restrictions remained in place, with minor changes, until the final visit on August 21, when the providers discharged Mr. Reazkallah and returned him to full-duty at maximum medical improvement. ABM filed a C-32 confirming the maximum medical impairment date of August 21, 2017. Dr. Harold Nevels, the authorized physician, assigned a zero-percent permanent impairment. Mr. Reazkallah did not introduce any medical evidence with a different impairment rating or referring him to a specialist. He testified that he wishes to see "any doctor" at the compensation hearing. ABM's lawyer stated that Mr. Reazkallah never requested this but agreed that he may see Dr. Nevels for treatment related to the work injury. Therefore, this is not an issue.

As for his claim for unpaid bills, Mr. Reazkallah received a statement from his emergency room visit totaling $1,173 after the work injury. ABM agreed to pay this bill at mediation. Mr. Reazkallah stated at this hearing that ABM paid it, and he introduced no other unpaid medical bills. Therefore, this is also no longer an issue.

Concerning his claim for temporary disability benefits, after the expedited hearing, the Court ordered payment of $1,195.49 for the timeframe of July 11 through August 21. ABM complied with the order. At the compensation hearing Mr. Reazkallah introduced no additional medical records of restrictions after August 21, 2017. He simply argued that the sum was insufficient.

**Findings of Fact and Conclusions of Law**

Mr. Reazkallah must prove every element of his claim by a preponderance of the evidence at a compensation hearing.

The Court first considers Mr. Reazkallah's entitlement to additional temporary partial disability benefits. An injured worker may be entitled to temporary partial disability benefits when the temporary disability resulting from a work-related injury is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2). Temporary restrictions assigned by physicians during an injured worker's medical treatment do not establish an entitlement to continued temporary disability benefits if the employee is able to work without loss of income. *Frye v. Vincent Printing Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *16 (Aug. 2, 2016).

2

Here, Mr. Reazkallah did not satisfy his burden regarding the existence of temporary restrictions beyond those removed by Dr. Nevels on August 21, 2017. Mr. Reazkallah failed to offer any proof of additional restrictions beyond that date. He argued that the total paid under the expedited hearing order was insufficient. Section 50-6-207(2)(A) limits an injured employee's temporary partial disability benefits to "sixty-six and two thirds percent" of the difference between the worker's average weekly wage at the time of the injury and the wage he earns in his partially disabled condition.[2] The statute gives the Court no discretion to raise that amount. Therefore, Mr. Reazkallah is not entitled to additional temporary disability benefits.

Second, according to the dispute certification notice, Mr. Reazkallah seeks permanent partial disability benefits. Tennessee Code Annotated section 50-6-2017(3)(A) provides that these benefits are available "[i]n case of disability partial in character but adjudged to be permanent, at the time the employee reaches maximum medical improvement." In this case, Dr. Nevels found no permanent disability, and Mr. Reazkallah introduced no contrary evidence. The Court holds he is not entitled to these benefits.

In sum, Mr. Reazkallah has not shown entitlement by a preponderance of the evidence to temporary or permanent partial disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Reazkallah's requests for additional temporary partial disability benefits and permanent partial disability benefits are denied.

2. ABM shall provide future, lifetime medical benefits for Mr. Reazkallah's work-related shoulder injury under Tennessee Code Annotated section 50-6-204(a)(1)(A). Dr. Nevels remains the treating physician.

3. ABM shall pay costs of $150.00 to the Court Clerk within five business days under Tennessee Compilation Rules and Regulations 0800-02-21-.07.

4. ABM shall prepare and file with the Court Clerk a Statistical Data Form (SD2) within ten business days of entry of this order.

5. Absent an appeal, this order shall become final thirty days after issuance.

---

[2] ABM paid his full hourly wage when Mr. Reazkallah worked light duty.

3

**ENTERED November 19, 2018.**

JUDGE KENNETH M. SWITZER
**Court of Workers' Compensation Claims**

Exhibits:
1. Affidavit
2. First Report of Injury
3. Wage Statement
4. Medical records
5. Employee's Responses to Interrogatories
6. Total Health work restrictions
7. Employee "Transitional Duty" Agreement
8. ABM payroll records for Mr. Reazkallah
9. Proof of compliance with Expedited Hearing Order
10. Form C-32/Final Medical Report/Dr. Nevels' CV

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's and Carrier's Witness and Exhibit Statement
5. Employer's and Carrier's Expedited Hearing Brief
6. Employer's and Carrier's Amended Witness and Exhibit List
7. Expedited Hearing Order
8. Order Setting Compensation Hearing
9. Employer's Pre-Mediation Statement
10. Dispute Certification Notice (includes additional issues)
11. Pre-Compensation Hearing Statement

## CERTIFICATE OF SERVICE

I certify that a copy of the Compensation Hearing Order was sent to these recipients by the following methods of service on November 19, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Maikel Reazkallah, self-represented employee | X | | X | maikel.reazkallah@yahoo.com<br>453 Cedar Park Circle<br>La Vergne TN 37086 |
| David Deming, employer's attorney | | | X | ddeming@manierherod.com<br>tjoiner@manierherod.com |

*Penny Shrum*

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**COMPENSATION HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

**Notice**

Notice is given that _____

　　　　　　[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.
　[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**List of Parties**

**Appellant (Requesting Party):**_____ At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___ .

[Signature of appellant or attorney for appellant] _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month       Medical/Dental  $ _____ per month

Groceries          $ _____ per month       Telephone        $ _____ per month

Electricity        $ _____ per month       School Supplies $ _____ per month

Water              $ _____ per month       Clothing         $ _____ per month

Gas                $ _____ per month       Child Care       $ _____ per month

Transportation  $ _____ per month       Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____       (FMV) _____

Other                   $ _____       Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____          _____

_____          _____

_____          _____

_____          _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____